IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba DIXIE REGIONAL MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>AETNA HEALTH OF UTAH, INC., and BANNER HEALTH,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:21-CV-30 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion for Judgment on the Pleadings filed by Defendants Aetna Health of Utah, Inc. ("Aetna") and Banner Health ("Banner"). Plaintiff has failed to respond to the Motion and the time for doing so has expired.[1] For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff IHC Health of Utah, Inc. ("IHC") operates several hospitals in Utah, including Dixie Regional Medical Center in St. George, Utah. IHC provided medical services to M.D. from January 12, 2018, through January 16, 2018. At that time, M.D. was a participant and beneficiary of an employee health and welfare plan (the "Plan") sponsored by Banner. Aetna is the claims administrator for the Plan.

---

[1] DUCivR 7-1(a)(4)(A)(iii) (providing that a response to a motion filed under Fed. R. Civ. P. 12(c) must be filed within 28 days after service of the motion). Plaintiff received an extension of time to file its response by February 14, 2022, *see* Docket No. 14, but did not file a response by that date.

1

M.D. incurred $20,216.70 in billed charges for her treatment. Those charges were submitted to Defendants, who have only paid $374.01. Defendants have not paid the outstanding balance allegedly due to Plaintiff for the treatment it rendered to M.D. Plaintiff alleges that M.D. signed an assignment of benefits for her claims in favor of Plaintiff. Plaintiff now brings this ERISA[2] action seeking recovery of plan benefits and asserting claims of breach of fiduciary duty. Defendants seek dismissal, arguing that Plaintiff lacks standing and that its claims fail.

## II.  STANDARD OF REVIEW

Defendants bring this Motion under Federal Rule of Civil Procedure 12(c). The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[3] Defendants' challenge to Plaintiff's statutory standing is reviewed using the same standard.[4]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-

---

[2] The Employee Retirement Income Security Act of 1974.

[3] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[4] *Genesee Cnty. Emps. Ret. Sys. v. Thornburg Mortg. Sec. Tr. 2006-3*, 825 F. Supp. 2d 1082, 1212 (D.N.M. 2011) (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n. 2 (5th Cir.2011)); *see also Utah Physicians for a Healthy Env't, Inc. v. TAP Worldwide, LLC*, ---F. Supp. 3d---, 2022 WL 219556, at *2 n.18 (D. Utah Jan. 25, 2022); *cf. VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 n.4 (10th Cir. 2017) (assuming without deciding that statutory standing issues should be resolve under Rule 12(b)(6)).

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

harmed-me accusation."[7]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[10]

In considering a motion to dismiss, a district court not only considers the complaint "but also the attached exhibits,"[11] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12]  The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[13]

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[10] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[11] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[12] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[13] *Jacobsen*, 287 F.3d at 941.

## III.  DISCUSSION

A.  RECOVERY OF PLAN BENEFITS

Plaintiff's first cause of action is for the recovery of plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).  That provision allows a plan participant or beneficiary to bring suit to recover benefits.  By its terms, "only plaintiffs who are properly considered 'participants' or 'beneficiaries' have standing to sue under"[14] this provision and, generally, healthcare providers "are not considered beneficiaries or participants under ERISA and thus lack standing to sue."[15]

A provider could gain standing by obtaining a written assignment of claims from a patient with standing to sue under ERISA.[16]  The Tenth Circuit has interpreted "ERISA as leaving the assignability of benefits to the free negotiations and agreement of the contracting parties."[17]  While Plaintiff alleges it received an assignment from M.D., the Plan documents prohibit such assignments.[18]  Because the Plan prohibits the assignment of benefits, there is no valid assignment to Plaintiff and it lacks standing to bring its first cause of action.

B.  BREACH OF FIDUCIARY DUTY

Plaintiff's second cause of action alleges breach of fiduciary duties.  ERISA provides that such claims may be brought by the Secretary of Labor, a plan participant, a plan beneficiary, or a

---

[14] *Chastain v. AT&T*, 558 F.3d 1177, 1181 (10th Cir. 2009).

[15] *Denver Health & Hosp. Auth. v. Beverage Distribs. Co., LLC*, 546 F. App'x 742, 745 (10th Cir. 2013) (quoting *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1301–02 (11th Cir. 2010)).

[16] *Id.*

[17] *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1464 (10th Cir. 1995).

[18] Docket No. 12-1, at 80 ("Coverage and your rights under this plan may not be assigned.").  The Court has considered the Plan documents because they are central to Plaintiff's claims and its authenticity is not in dispute.

plan fiduciary.[19] Since Plaintiff does not fall within one of these categories, it lacks standing and this claim is subject to dismissal.[20]

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to for Judgment on the Pleadings (Docket No. 12) is GRANTED.

DATED this 17th day of February, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[19] 29 U.S.C. § 1132(a)(2), (3).

[20] *IHC Health Services, Inc. v. Wal-Mart Stores, Inc.*, No. 2:15-cv-846-JNP-EJF, 2016 WL 3817682, at *4–5 (D. Utah July 12, 2016).

5